Nott, J.
delivered the opinion of the Court. .
It would have been more satisfactory to this Court, to have been informed, upon the authority of what adjudged case, the presiding Judge ordered the money in this case to be paid over *40 to the plaintiff; as also, the source of his reluctance in making such an order. I am not aware of any case which required the exercise of such a duty, against the Judge’s own conviction of the correctness of the measure. In the case of Summers v. Caldwell, 2 N. & McC. 341, it was held,'that money was the subject of levy by execution; and that where a sheriff has collected money on a fi. fa. and has at the same time another execution in his hands against the person, to whom the money belongs, the Judge may order it to be paid over in satisfaction of such execution. But it is not said that he is bound to do so, if, in his discretion, he thinks it ought not to be so applied. If, therefore, any good reason had presented itself to the mind of the Judge, why such an order should not have been made, he might have refused the motion.
If it is necessary to go again into the question, whether money can be levied on under an execution, I am prepared to say, I am perfectly satisfied with the opinion expressed in the case of Summers v. Caldwell, on that subject. And in addition to the cases there referred to, the case of Hardy v. Dobbin, 12 Johns. Rep. 220, and other cases from the same State, go the whole length in support of the doctrine.
The reasoning of Judge Marshall, in the case of Turner v. Fendal, 1 Cranch, 117, is conclusive on the subject. Indeed, it is so perfectly consonant with common sense, and the most obvious principles of law, that it would seem to me, authority in support of it ought not to be required. The object of the execution is to make the money out of the property of the defendant; and if he can get the money without the sale of the property, the object is answered. Lord Ellenborough, in the case of Knight v. Criddle, 9 East, 48, says, in a very laconic manner, “ it is an innovation on the law which ought not to ho admitted.” But his Lordship does not inform us where that article of the law is to be found, on which it is thought to be so dangerous an innovation: And I cannot give to a mere dictum of Lord Ellen-borough, however respectable it may be, the effect of over-ruling the high authority to which reference has already been made.
In the case of Turner v. Fendal, Judge Marshall seems to be of opinion that the plaintiff, in an execution, has not such an ownership in the specific pieces of coin, which the officer has received, that it may he levied on, until it is actually paid over *41 into his hands; which would lead to the conclusion that the officer has ho right to levy, until he has deprived himself of the power to exercise it. This reasoning appears to me rather too refined. If, however, all that is intended by that decision is, that the officer is not to be the judge,, and that he must levy and pay it over at his peril, I concur in the opinion; and so it was decided in the case of Summers v. Caldwell. I have never understood that it was doubted, but that the Court might order the money to be paid over to the plaintiff in the action ; and that must be upon the ground that the ownership is complete : And the question of ownership will be decided before the order will be made ; but the right being determined, it appears to me that it immediately becomes the subject of a levy. But it seems to be admitted that the sheriff may (and I think he always ought when required) pay the money into Court, according to the mandate of the writ; and it is then within the control of the Court, and may be ordered to be paid over to any execution in the hands of the sheriff against the plaintiff. But that is a mere formality, which may be very well dispensed with. The Court may as well order it to ;be immediately paid over, as to direct it to be first paid into Court. However, I am only contending for the right, and am nót at all tenacious of the manner or form in which the object is to be effected.
The rights of third persons will always be respected, where any such claim shall be interposed. If, therefore, it had appeared that any other person had a legal, or even an equitable claim to the money, the Court ought not to have interfered in this way. But no such claim is set up in this case. No question is made with regard to the ownership of the money. The only question is with regard to its liability to be paid over to the execution.
It would appear from the brief, that the only opposition to the motion came from the officers of the Court, who seem to have supposed that they had a prior lien on the fund; but neither m the report of the presiding Judge, nor in the grounds of appeal, is there one word said on that subject. I take it, therefore, that that question is abandoned. I am of opinion, on the general question, that the money was properly ordered to be paid over. For whether it was to be paid to the defendant in the execution, in lieu of dower, or in any other way, was not material. The *42 right being determined, the liability to the execution followed as 5 ° * a matter or course.
Motion refused.